727 So.2d 1274 (1999)
STATE of Louisiana
v.
Terry LEWIS.
No. 97-KA-1549.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1999.
*1275 Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff.
J. Wilson Rambo, Louisiana Appellate Project, Monroe, Louisiana, Counsel for Defendant.
Court composed of Judge WILLIAM H. BYRNES III, Judge JOAN BERNARD ARMSTRONG, and Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, Judge.
On May 17, 1995, defendant, Terry Lewis, was charged by bill of information with carnal knowledge of a juvenile in violation of La. R.S. 14:80. At his arraignment on May 19, 1995, the defendant entered a plea of not guilty. After a jury trial on November 7, 1996, the defendant was found guilty as charged. On December 13, 1996, the defendant filed a motion in arrest of judgment. On the same date, the state filed a multiple bill of information to which the defendant pled not guilty. On January 15, 1997, the defendant was sentenced to ten years at hard labor without benefit of probation, parole or suspension of sentence. Defendant's motion for appeal was granted on April 4, 1997. Defendant's motion for reconsideration of sentence was denied on the same date. A multiple bill hearing was held on February 19, 1998. The defendant was adjudicated a third felony offender. The trial court vacated the sentence previously imposed and sentenced defendant to serve twenty years at hard labor without benefit of probation, parole or suspension of sentence. Defendant's motion for appeal was granted and a return date of April 22, 1998 was set. Defendant's motions for reconsideration of sentence and new trial were denied. The trial court denied defendant's motion in arrest of judgment on July 30, 1998. Defendant now appeals, arguing that the evidence was insufficient to sustain the defendant's conviction, the sentence is excessive and fails to comply with LSA-C.Cr. P. Art.894.1.

STATEMENT OF THE FACTS[1]
In February of 1995, D. J., was thirteen years old and a student at Colton Middle School. She lived with her grandmother while her mother was in a rehabilitation clinic. During the months of February and March of 1995, D.J. had a sexual relationship *1276 with the defendant. D.J. met the defendant through her cousin, Laquanta, and a friend of her family, Troy. On one evening in February, D.J. and Laquanta met the defendant and Troy at Armstrong Park. They went to a movie and a game room afterwards. The defendant gave D.J. his telephone number. She spoke with the defendant later that evening. They talked about the movie and the fun they had at the game room. The defendant told her he would like to see her again. A few days later, D.J. skipped school and met the defendant at the corner of her street. They went to his house. The defendant's grandmother needed something from the store, and they went to the store. When they returned, they went to the other side of the house which was vacant and had sexual intercourse. It was D.J.'s first experience. She really did not want it to happen but went along with the defendant's request. Afterwards, D.J. and the defendant bought sandwiches and went to Armstrong Park. D.J. then went home. She spoke with the defendant later that evening. D.J. saw the defendant every day as he walked her to school and waited for her in the afternoons after school. A few days later, D.J. skipped school again and met the defendant. They went straight to the abandoned house and had sexual intercourse. D.J. stayed with the defendant until 3:30 p.m. when she went home. On one occasion, D.J. asked Troy the defendant's age. The defendant told Troy he was nineteen. One day when D.J. was talking to the defendant on the telephone, D.J. asked the defendant his age. The defendant told D.J. his birthday was in her telephone number. When D.J. determined the defendant was twenty-eight years old, she came up with an excuse to get off the telephone. She did not call the defendant for a couple of days. The following Sunday, Troy called D.J. and told her that the defendant needed to talk to her. When she called the defendant, he told her he just wanted to hear her voice. The next morning, the defendant was waiting to walk her to school. D.J. thought she was too young and the defendant was too old. She felt it was a big mistake. One of the girls at school told a school security guard about the defendant and D.J. The school called D.J.'s grandmother who then called D.J.'s mother.
Emily Jones (E.J.), D.J.'s mother, was contacted by her mother-in-law and told of the situation with D.J. After receiving permission to leave the rehabilitation clinic, E.J. spoke with D.J. and met with the school's principal, the security guard and a police officer. She took D.J. to Charity Hospital for an examination.
Dr. Dean Leone, a pediatrician at Charity Hospital, performed a rape examination on D.J. on March 7, 1995. The examination revealed a well healed scar and was consistent with penetration of an old nature. D.J. mentioned three occasions of sexual intercourse, the first on February 14, 1997, and the second a couple of days after Mardi Gras and the last on March 1, 1995.[2]

A. Errors Patent

A review of the record for errors patent reveals two. The trial court failed to rule on the defendant's motion for new trial and motion in arrest of judgment prior to sentencing defendant. On February 19, 1998, the trial court adjudicated the defendant a third felony offender and sentenced him to twenty years at hard labor without benefit of probation, parole or suspension of sentence. On the same date, after sentencing the defendant, the trial court denied the defendant's motion for new trial. Thereafter, on July 30, 1998, the trial court denied defendant's motion in arrest of judgment. La.C.Cr.P. articles 853 and 861 require that motions for new trial and motions in arrest of judgment be disposed prior to sentencing. Thus, because the trail judge failed to do this the defendant's sentence must be vacated and the matter remanded for resentencing.
Further, the record also reveals that the sentence imposed by the trial court is illegal. The trial court ordered that the defendant's sentence be served without benefit of probation, parole or suspension of sentence. *1277 La. R.S. 14:80 does not deny a person convicted of carnal knowledge of a juvenile the possibility of parole, probation or suspension of sentence. La. R.S. 15:529.1, however, precludes probation or suspension of sentence for a person sentenced under the multiple offender statute. Thus, the trial court erroneously denied the defendant the possibility of parole.

B. Assignment of Error No.1

In his first assignment of error, the defendant contends the state failed to present sufficient evidence to sustain his conviction for carnal knowledge of a juvenile. The defendant specifically contends the state failed to produce evidence that he was over the age of seventeen and more than two years older than the victim was.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La. 1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La. 1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
La. R.S. 14:80 provides that "carnal knowledge of a juvenile is committed when ... [a] person over the age of seventeen has sexual intercourse, with consent, with any person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons and the victim is not the spouse of the offender."
The victim in the present case testified that she was thirteen years old when she met the defendant and engaged in sexual intercourse with him. The victim further stated that she was told by the defendant's cousin that the defendant was nineteen years old. Later, she discovered the defendant was twenty-eight years old. The victim's mother also testified to her daughter's date of birth and age. Such testimony by the victim and her mother is sufficient to establish that the defendant was over the age of seventeen and more than two years older than her. Further, in State v. Shelton, 545 So.2d 1285 (La.App. 2 Cir. 1989), writ denied, 552 So.2d 377 (La. 1989), the court concluded that a trier of fact may infer that an accused is over the age of seventeen by his physical appearance and the fact that he was being tried as an adult rather than a juvenile. See also State v. Zihlavsky, 505 So.2d 761 (La.App. 2 Cir. 1987), writ denied, 511 So.2d 1152 (La. 1987). Thus, the jury in the present case could conclude from the defendant's appearance and the fact that he was being tried as an adult that the defendant was over the age of seventeen.
This assignment is without merit.

C. Assignments of Error Nos. 3 & 4

The defendant also contends that the trial court failed to comply with La.C.Cr.P. article 894.1 in sentencing the defendant and that the sentence imposed is unconstitutionally excessive.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment."
A sentence within the statutory limit is constitutionally excessive if it is "grossly out of proportion to the severity of the crime" or is "nothing more than the purposeless imposition of pain and suffering." State v. Caston, 477 So.2d 868 (La.App. 4 Cir. *1278 1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La. 1983); State v. Quebedeaux, 424 So.2d 1009 (La. 1982).
If adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La. 1983).
The defendant contends that the trial court failed to comply with La.C.Cr.P. article 894.1 when the trial court sentenced him under the multiple offender statute. Prior to sentencing defendant, the trial court referred to its reasons for sentencing given at the original sentencing hearing. (Transcript of multiple bill and sentencing hearing held on February 19, 1998, p. 9). At original sentencing hearing, the trial court stated:
Let the record reflect Mr. Terry Lewis is present with his counsel for sentencing. The jury was duly impaneled and sworn and this matter proceeded to trial on November the 7th, 1996. After deliberations from the jury, he was found guilty as charged. The jury found the defendant guilty as charged with committing carnal knowledge of a juvenile, namely [D.J.] age 13 years old between the 14th of February, 1995 and the 1st of March, 1995. Testimony in this case indicated that the victim, [D.J.], was born on June 10th, 1981 and was 13 years old at the time of the offense. There was also testimony from the victim in this case that she was a student at Colton Middle School during the time of the offense and that she had no sexual experience prior to that experience with the defendant. Testimony further indicated and this Court was convinced that the defendant was stalking the juvenile and had stalked other juvenile girls who were students at Colton Middle School that caused the Orleans Parish School School (sic) Board Security Department to institute or rather to initiate an investigation especially in light of the fact that it had come to the attention of the school officials that [D.J.] had had sex with Terry Lewis during the time period that she was a student at Colton School. Further, there was testimony that Mr. Lewis waited near the school for [D.J.] to see her walk by so he could engage her in conversation. He also took her out on dates on at least one or two occasions.
The defendant, Terry Lewis, lists himself as being unemployed. He was born on April 16th, 1965 making him 30 years old at the time of the offense. Mr. Lewis has convictions for theft in Case 318-511-E in which he pled guilty on March the 5th, 1987 and received two years supervised probation. In Case Number 318-511-E (sic), he was later charged with the offense of burglary and was found guilty of a lesser charge. violation 1463.2(sic) in Case Number 322-736-I. He was sentenced to serve four years in connection with that offense. The Court finds that Mr. Lewis is not eligible for probation or suspended sentence because he has two prior felony convictions; furthermore, the Court finds that he was placed on probation for at least one of these offenses and shortly thereafter returned to criminal activity, and that this is his third felony conviction; furthermore, I find that there is an undue risk that during the period of his suspended sentence or probation, the defendant will commit another crime. I further find that Mr. Lewis is in need of correctional treatment or custodial environment that can be provided most effectively by his commitment to a penal institution. Finally, I find any lesser sentence that the sentence I am going to impose will mitigate the seriousness of the defendant's crimes. Mr. Lewis, for a 30 year old man to pick up on a 13 girl for sex is absolutely reprehensible. People of your age should be setting examples for juveniles and not following them back and forth while they try to go to junior high school to have sex with them. For this reason and for all of other reasons that I have articulated in *1279 this case, I hereby sentence you to serve ten years in the custody of the Louisiana Department of Corrections at hard labor without benefit of probation or suspension of sentence.
(Transcript of sentencing hearing held on January 15, 1997, pp. 2-4).
Thus, the trial court complied with La. C.Cr.P. article 894.1 and set forth sufficient reasons for the sentence imposed. The trial court was within its great discretion when it adopted its reasons from the original sentencing hearing. At that hearing, the trial court found several aggravating factors to support the imposition of the maximum sentence. These same reasons are sufficient to support the imposition of the twenty year sentence imposed under the multiple offender statute.
Defendant's contention that the sentence imposed is unconstitutionally excessive is without merit. As the trial court noted, the defendant was a thirty year old man who preyed on a thirteen year girl. He stalked her, following her to and from school every day. He encouraged her to skip school to spend time with him. The defendant lied about his age. Further, he would have continued his relationship with the victim had he not been caught. In addition, defendant showed no remorse for his actions. The imposition of the maximum sentence is also supported by the fact that defendant had two prior felonies, one of which was committed while he was on probation for the other.
This assignment is without merit.
Accordingly, the defendant's conviction for carnal knowledge of a juvenile is affirmed. Defendant's sentence is vacated and the matter remanded for resentencing.
AFFIRMED; REMAND FOR RESENTENCING.
NOTES
[1] Given the sensitive nature of the facts of this case, the victim's initials will be used in the opinion.
[2] Defendant has failed to brief assignment of error number two, thereby abandoning this argument on appeal. State v. Bray, 548 So.2d 350 (La.App. 4 Cir. 1989); Rule 2-12.4, Uniform Rules, Courts of Appeal.