11 BROWN, J.
The state charged defendant, Latron Hunter, with three counts of distribution of cocaine and two counts of possession of more than 28 grams of cocaine, violations of La. R.S. 40:967. Defendant entered into a plea bargain in which he agreed to plead guilty to one count of distribution in exchange for the dismissal of the other four counts. The trial court sentenced defendant to 21 years at hard labor, with the first five years being without benefit of parole, probation or suspension of sentence, and ordered defendant to pay a fine of $5,000 plus costs. Following denial of defendant’s motions for reconsideration, defendant appeals his sentence as excessive. Finding no error, however, we affirm.

Discussion

The record shows that during July 1998 agents of the Monroe Metro Narcotics Unit conducted an operation which investigated defendant’s drug dealing/trafficking activity. Defendant made four sales to an undercover agent on four separate occasions in July 1998. Each sale involved one gram of powder cocaine at an agreed upon price of $80. During one of the sales, defendant measured out the gram from a bag which appeared to contain an ounce of powder cocaine. After the fourth transaction, officers arrested defendant and found 32 grams of cocaine in his motel room. When defendant was searched at the jail, another 28 grams of cocaine was found on his person.
Defendant, charged with three counts of distribution and two counts of possession, pled guilty to one count of distribution in exchange for the dismissal of the remaining counts. Defendant urges that his 21-year hard labor sentence is excessive.
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, we will review the sentence for constitutional excessiveness. La.C.Cr.P. art. 881.1(D); State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164. Constitutional review involves a determination of whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Bradford, 29,519 (La.App.2d Cir.04/02/98), 691 So.2d 864.
*480 Prior to imposing sentence, the district court considered an amended PSI. As noted above, defendant’s plea bargain secured the dismissal of four drug charges. Defendant was 30 years old at the time of the offenses. The court considered defendant’s social history, noting that he had completed two years of college on a basketball scholarship and had served honorably in the U.S. Army. The court considered a written submission provided by defense counsel concerning mitigating factors. The court also took into account several character reference letters. The court noted that defendant had fathered three children upon whom his incarceration would work a hardship.
The court considered the facts involved in all of the offenses originally charged. Defendant was a first felony offender. Although he had a juvenile record, his only adult conviction was for DWI in 1990. The F.B.I. provided information which indicated that defendant was a major supplier of crack cocaine in Ouachita Parish. Defense counsel objected to the characterization of defendant as a “major” supplier, to which the court responded that the quantity of drugs defendant sold on various occasions showed that he is, if not a “major” dealer, then a substantial one. The court noted that defendant had introduced a significant amount of drugs into the community. The court also noted that defendant received considerable leniency through his plea bargain and concluded that defendant was in need of treatment in a custodial environment.
[3We do not find defendant’s sentence to be constitutionally excessive. Initially, he faced a sentencing exposure of over 200 years at hard labor. Under the facts and circumstances of this case, we cannot say that the trial court abused its discretion. Defendant’s 21-year sentence is not illegal, nor is it shocking to our sense of justice or grossly disproportionate to the severity of the offense.
We have examined the record for error patent and found none.

Conclusion

For the foregoing reasons, defendant’s conviction and sentence are AFFIRMED.