hPER CURIAM.
The defendant, James Blackwell, appeals the sentences totaling 12 years imposed at his resentencing on seven counts of carnal knowledge of a juvenile. We affirm.
The defendant, a 35-year-old high school teacher and coach, was originally convicted by a unanimous jury on eight counts of carnal knowledge of a juvenile, arising from his improper sexual relationship with a 16-year-old female student. The trial court initially sentenced the defendant to serve 10 years on counts one and two, to be served consecutively, and to serve five years on each of counts three through eight, concurrently to each other and to the sentences on counts one and two. The court also ordered that the sentences on counts one and two be served without benefit of good time accrual.
On appeal, we vacated the conviction for count four, finding that the Ouachita Parish trial court lacked jurisdiction over the offense because of its situs in Natchitoches Parish. We affirmed the convictions on the other counts. We vacated the sentences and remanded for resentencing, noting that the defendant was, in effect, sentenced to 20 years at hard labor without benefit of good time. Our review of the facts and circumstances and of similar reported cases indicated that the maximum sentence which could be affirmed was a total of 12 years at hard labor without benefit of good time. State v. Blackwell, 32,477 (La.App.2d Cir.10/27/99), 746 So.2d 205.
At resentencing, the trial court directed that the defendant serve concurrent sentences of 10 years at hard labor on counts one and two and that he serve a consecutive sentence of two years at hard labor on count three. As to counts five to eight, he was sentenced to two years at hard labor *1211 on each count, with these sentences being concurrent to each other and to all other counts. In total, the defendant was sentenced to serve 12 years at hard labor. The court ordered that | athe sentences on counts one to three be served without benefit of good time accrual. Thus, the trial court imposed the sentence this court had determined was the maximum which could be affirmed.
Following the denial of his timely motion for reconsideration of sentence, the defendant appealed. He argues that his sentences are excessive and that the trial court erred in declining to entertain any discussion of new or additional sentencing factors arising after the original date of sentence. We find no merit to the defendant’s assigned errors.
In his brief, appellate defense counsel urges that the sentence imposed is “tantamount” to a sentence of 24 to 36 years, because it is to be served without benefit of good time accrual. Counsel also urges that maximum sentences are only appropriate in cases involving the most serious violations of the subject offense. We agree that the maximum sentence for each offense of conviction is 10 years at hard labor. However, this court previously reviewed all the facts and circumstances of this case and determined that a sentence of 12 years, as imposed without benefit of good time, would not be constitutionally excessive.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
A trial court is not required to render a suspended sentence or probation for a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record shows that all pertinent matters were considered in determining an appropriate sentence. We find the defendant’s claims that the lower court did not give proper weight or gave inadequate weight to any matter to be without merit.
The defendant argues, without citation to any authority, that the trial court erred in declining to consider the defendant’s post-incarceration rehabilitation activities and a medical report concerning depression and/or a bipolar disorder which could be treated with medication. Our examination of the record indicates that no contemporaneous objection was made to the court’s decision not to elaborate on the defendant’s post-conviction activities at the time of re-sentencing. However, those matters were presented to the trial court in the defendant’s motion to reconsider sentence.
Much discretion is afforded to the trial judge in determining the relevance of evidence. State v. Stowe, 93-2020 (La.4/11/94), 635 So.2d 168, 173. The trial court’s determination will not be disturbed on appeal in the absence of a clear abuse of discretion which results in obvious prejudice to the defendant. State v. Griffin, 618 So.2d 680, 694 (La.App. 2d Cir.1993), writ denied, 625 So.2d 1063 (La.1993). We find no clear abuse of discretion in the trial court’s determination that the defendant’s post-sentence behavior was not relevant to the issues properly before the court.
We do not find constitutional error in this matter. We have examined the original record, the trial court’s original and subsequent reasons for sentence, and the matters submitted in defendant’s motion *1212 for reconsideration and brief on appeal. The combined sentences as imposed, are lawful. They are neither grossly disproportionate to the severity of the offenses nor shocking to the sense of justice. 1/There is no showing of a manifest abuse of the trial court’s broad discretion. Therefore, the sentences are not constitutionally excessive.
The defendant’s assigned errors lack merit. Accordingly, we affirm the defendant’s sentences.
AFFIRMED.