868 So.2d 877 (2004)
STATE of Louisiana
v.
Curtis ALLEN.
No. 03-KA-1205.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*878 John M. Crum, Jr., District Attorney, 40th Judicial District, Rodney A. Brignac, Assistant District Attorney, Laplace, LA, for Appellee.
Frederick Kroenke, Baton Rouge, LA, for Appellant.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
Defendant, Curtis Allen, was charged in a bill of information with six counts of carnal knowledge of a juvenile under the age of seventeen in violation of LSA-R.S. 14:80. Allen initially pled not guilty but later changed his plea to guilty as charged on all six counts in accordance with a plea agreement. The plea agreement did not contain an agreed-upon sentence and only indicated he would be sentenced, with no sentencing cap, after a pre-sentence investigation report (PSI). Allen was subsequently sentenced to ten years at hard labor on each of the six counts with each sentence to run concurrently. It is this sentence that he appeals.
Because Allen pled guilty, the known facts and circumstances surrounding the offenses are limited. According to the bill of information, Allen, age 22, had sexual intercourse with one female under the age of seventeen on six occasions from February or March 2002 through April 12, 2002. During his plea colloquy, he admitted he had sexual intercourse with a female under the age of seventeen.
Allen avers on appeal that the sentences imposed are unconstitutionally excessive, that the failure of trial counsel to file a motion to reconsider the sentence should not preclude this court considering the constitutionality of the sentence, and, in that the event that it does, then the failure of trial counsel constitutes ineffective assistance of counsel. Since no specific sentence was agreed upon in the plea agreement and no sentencing cap was set, Allen is not precluded from seeking review of his sentence under LSA-C.Cr.P. art. 881.2(A)(2).[1]
*879 Allen argues his concurrent ten-year sentences are constitutionally excessive. He claims he entered into a sincere relationship with the victim and did not know her age, contending that these mitigating factors make his sentences excessive. Allen acknowledges that his trial counsel did not file a motion to reconsider his sentences but notes that his counsel objected to the sentences as being excessive. He asserts that, in the event this court finds he is precluded from raising the constitutionality of his sentences due to his trial counsel's failure to file a motion to reconsider, then he received ineffective assistance of counsel.
As Allen notes, his trial counsel did not file a motion to reconsider his sentences pursuant to LSA-C.Cr.P. art. 881.1. LSA-C.Cr.P. art. 881.1 requires a motion to reconsider sentence be made orally at the time of sentencing or in writing within thirty days of sentencing and that it set forth the specific grounds on which the motion is based. The failure to state the specific grounds on which the motion is based precludes the defendant from raising issues relating to statutory errors or deficiencies in sentencing on appeal, not constitutional excessiveness.[2] The failure to file a motion to reconsider sentence does not preclude review of a sentence for constitutional excessiveness.[3] Further, the mere failure to file a motion to reconsider sentence does not in and of itself constitute ineffective assistance of counsel. A basis for ineffective assistance of counsel may only be found if a defendant can "show a reasonable probability that but for counsel's error, his sentence would have been different."[4] Because Allen seeks a review of his sentences solely for constitutional excessiveness, his trial counsel's failure to move for reconsideration of sentences is inconsequential and, therefore, his alternative claim for ineffective assistance of counsel has no merit.
Both the United States and the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering.[5] Trial judges are granted great discretion in imposing sentences and a sentence will not be set aside as excessive absent clear abuse of that broad discretion.[6]
In reviewing a sentence for excessiveness, this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence.[7] The issue on appeal is whether the trial court abused its discretion, not *880 whether another sentence might have been more appropriate.[8] In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.[9]
In the present case, Allen was convicted of six counts of felony carnal knowledge of a juvenile. The offense carries a sentence of imprisonment, with or without hard labor, of "not more than ten years" and a possible fine of not more than $5,000. LSA-R.S. 14:80(D). Allen received the maximum ten-year sentence at hard labor on each count to run concurrently but no fine.
In imposing the maximum sentence, the trial court considered the police investigative record and the pre-sentence investigative (PSI) report. The PSI reveals the victim was thirteen years old at the time of the offenses. The PSI further reveals Allen was on still on probation for a previous conviction for carnal knowledge of a juvenile when he committed the present offenses. Other information in the PSI contains alleged threats against the victim. At the age of 22, defendant had over 20 adult arrests ranging from simple robbery and simple assault to attempted armed robbery. Prior criminal activity, which is not limited to convictions, may be considered by the trial judge in sentencing a defendant.[10]
In sentencing Allen, the trial court took note of Allen's claim that he was unaware of the victim's age. It was further noted that the victim's mother had previously testified and asked for the most severe sentence. However, the court noted that the mother's testimony, that the offenses took place in the presence of her other children, was not supported by the record.
Nevertheless, by Allen's own admission, he had sexual intercourse with a thirteen-year-old victim on six separate occasions over a two-month period. Allen had a previous conviction for carnal knowledge of a juvenile and was on probation for the same offense at the time he committed the present six offenses. As part of the plea agreement, the State agreed not to multiple-bill Allen as a second felony offender, which would have exposed him to a sentencing range of five to twenty years. LSA-R.S. 15:529.1(A)(1)(a). Such a substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing.[11] Further, he had multiple previous arrests for past criminal activities. Considering all the circumstances, we do not find an abuse of discretion in the imposition of the 10-year sentence.[12]
This assignment of error is without merit.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920.[13] On review, we note a discrepancy between the transcript and the minute entry. *881 In sentencing Allen, the trial court initially imposed the sentence without the benefit of parole, probation or suspension of sentence. The trial court later recognized that the applicable statute, LSA-R.S. 14:80, did not allow for the restriction of benefits and deleted the imposition of restrictions from Allen's sentence. Nonetheless, the minute entry reflects Allen's sentence is to be served without the benefit of parole or probation. Where there is a discrepancy between the transcript and a minute entry, the transcript prevails.[14] Therefore, we remand the case and order the trial court to correct the minute entry to conform to the transcript.
Second, the record does not show that the trial court gave Allen notice of the registration requirements for sex offenders as required by LSA-R.S. 15:543(A). LSA-R.S. 15:542 requires that all persons convicted of a sex offense must register with the sheriff of the parish where the person resides. LSA-R.S. 15:543(A) requires the trial court to provide written notification of the registration requirements to the defendant upon judgment and sentencing. Therefore, we remand this matter and order the trial court to inform Allen of the registration requirements of LSA-R.S. 15:542 by sending written notification to him within ten days of this opinion, and to file written proof in the record that Allen received such notice.
For the foregoing reasons, Allen's sentence is affirmed. The matter is remanded to the trial court for the limited purposes stated above.
AFFIRMED.
NOTES
[1] See, State v. Bolton, 02-1034 (La.App. 5 Cir. 3/11/03), 844 So.2d 135, 142, writ denied, 03-1159 (La.11/14/03), 858 So.2d 417.
[2] State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 967, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.
[3] State v. Hester, 99-426 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied by State v. Patterson, 99-3217 (La.4/20/00), 760 So.2d 342.
[4] State v. Pendelton, 96-367 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 159, writ denied, 97-1714 (La.12/19/97), 706 So.2d 450.
[5] State v. Wickem, supra.
[6] State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069.
[7] State v. Brown, 99-172 (La.App. 5 Cir. 9/28/99), 742 So.2d 1051, 1056, writ denied, 99-3148 (La.4/20/00), 760 So.2d 340.
[8] State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
[9] Id.
[10] State v. Fletcher, 03-60 (La.App. 5 Cir. 4/29/03), 845 So.2d 1213, 1218.
[11] See, State v. Hunter, 33,542 (La.App. 2 Cir. 6/21/00), 765 So.2d 478, 479.
[12] See e.g. State v. Lewis, 97-1549 (La.App. 4th Cir.2/3/99), 727 So.2d 1274, writ denied XXXX-XXXX (La.6/18/99), 745 So.2d 21: State v. Blackwell 34,126 (La.App. 2nd Cir.12/22/00), 774 So.2d 1209, writ denied 01-244(La. 12/7/01) 803 So.2d 24.
[13] State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
[14] State v. Lynch, 441 So.2d 732, 734 (La. 1983).