916 So.2d 1178 (2005)
STATE of Louisiana
v.
Jerry MAGEE.
No. 05-KA-171.
Court of Appeal of Louisiana, Fifth Circuit.
October 6, 2005.
*1181 Paul D. Connick, Jr., District Attorney, Twenty-fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Juliet Clark, Douglas Freese, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Laura M. Pavy, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and JAMES C. GULOTTA, Pro Tempore.
CLARENCE E. McMANUS, Judge.
Defendant, Jerry Magee, was convicted of armed robbery in violation of LSA-R.S. 14:64, and was sentenced to ninety-nine years imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
Pursuant to a multiple offender bill of information, defendant was found to be a fourth felony offender. After vacating defendant's originally imposed sentence, the trial court re-sentenced defendant to imprisonment for life without benefit of probation, parole or suspension of sentence. Defendant now appeals from his conviction and sentence.
The following facts were adduced at trial. On December 2, 2001, Lloyd Knight was scheduled to work at 6:00 a.m. On his way to work, he stopped to get gas at the Shell station at the intersection of Ames and the Expressway across the street from Tina's bar. At this time, defendant approached Mr. Knight, jumped into his vehicle, put a gun to Mr. Knight's head and told him to drive to the Beechgrove Apartments. Because defendant held a gun to Mr. Knight's head and he was scared, Mr. Knight complied. During this route, defendant told Mr. Knight that he would kill him. After arriving at Beechgrove, defendant put the gun in Mr. Knight's mouth and told him he was going to kill him by blowing his brains out. Mr. Knight asked that he not be killed because he had kids. Defendant responded, "F* * * your kids. Your kids don't give a f* * * about you." After putting the gun in Mr. Knight's mouth again, defendant eventually told him he was not going to kill him. Defendant demanded Mr. Knight's wallet and said he wanted his car too. After giving defendant his wallet, Mr. Knight was let out of the car and started running down the Expressway. Mr. Knight had about $300 in his wallet.
Mr. Knight flagged down Officer Todd Usey of the Westwego Police Department at a McDonald's parking lot and told the officer he was carjacked at gunpoint. Officer Usey advised headquarters of the carjacking after he received a description of Mr. Knight's white vehicle. Officer Randy Mason, another Westwego police officer, was advised by radio of the incident. Shortly after receiving a description of the vehicle, he observed it parked at Brothers Food Mart on the Westbank Expressway. After Officer Mason pulled up behind the vehicle with his siren and lights on, defendant ignored him and left. He then attempted to make a U-turn at Bayou Segnette; however, a van stopped in front of the vehicle and prevented him from doing so. Officer Usey left Mr. Knight with another officer and went to back up Officer Mason who had the vehicle stopped a couple of blocks away.
Once the vehicle was stopped, Officer Mason gave verbal commands to defendant to keep his hands in view. Defendant had his left hand out of the door and appeared to be reaching under the seat or trying to hide something so Officers Usey and Mason had their weapons drawn. Defendant eventually complied and got out of the car. After handcuffing defendant and securing the vehicle, Officers Usey and Mason approached the vehicle and observed a weapon *1182 underneath the seat in partial view. The black revolver had its hammer cocked back in single action mode and was fully loaded. Mr. Knight testified that the gun was not in the car before defendant got in his car and that he did not own a gun.
Mr. Knight was brought to the scene and positively identified his vehicle and the person driving his vehicle as the one who entered his car and pulled a gun on him. Mr. Knight's property was found inside of the vehicle.
In his first allegation of error, defendant contends that the trial court improperly denied appellant the opportunity to present his defense of voluntary intoxication. He further contends that the trial court erred in charging the jury that the intoxication defense was not available, by excluding relevant evidence regarding intoxication, and by excluding evidence that the vehicle defendant took was identical to his own. Specifically, defendant contends that voluntary intoxication is a proper defense for attempt to commit armed robbery which is a specific intent crime.
The State responds that voluntary intoxication is not a proper defense to the prosecution of armed robbery which is a general intent crime. The State further responds that the jury found all the necessary elements of armed robbery and that there is no requirement that defendant have special knowledge that the thing taken belonged to another. In addition, the State responds that ignorance or confusion from intoxication is not "reasonable" ignorance of fact.
At the trial, defendant attempted to present evidence of his intoxication at the time of the crime, but these attempts were shut down when the State objected to such testimony and the Court sustained these objections. However, Officer Usey did testify that defendant had "a little odor of alcohol on him." In addition, testimony was presented that Tina's bar was located across the street from the Shell station where the incident began.
As provided in LSA-R.S. 14:15,
The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
(1) Where the production of the intoxicated or drugged condition has been involuntary, and the circumstances indicate this condition is the direct cause of the commission of the crime, the offender is exempt from criminal responsibility.
(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.

(Emphasis added).
Voluntary intoxication can only be considered as a defense in cases where specific intent is a necessary element of the crime, where the defendant claims his intoxication precluded the capacity to form that intent. State v. Taylor, 01-452 (La. App. 5 Cir. 11/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426 (citing State v. Boleyn, 328 So.2d 95, 98 (La.1976); State v. Leroux, 94-133 (La.App. 5 Cir. 7/26/94), 641 So.2d 656, 661). "In cases where the accused is voluntarily intoxicated at the time of the commission of the offense, the necessary criminal intent is generally found in the accused's intention to become intoxicated, i.e., the accused is held to have intended, in law, all the consequences of his intoxicated condition." State v. Boleyn, 328 So.2d at 99 (citing Annotation, Modern Status of the Rules as to Voluntary Intoxication as Defense to Criminal Charge, 8 A.L.R.3d 1236 (1966)).
*1183 Defendant was convicted of armed robbery in violation of LSA-R.S. 14:64(A) which provides that "[a]rmed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." Armed robbery is a general intent crime. State v. Taylor, 802 So.2d at 783 (citing State v. Hebert, 29,062 (La.App. 2 Cir. 1/22/97), 688 So.2d 612, 617, writ denied, 97-0497 (La.9/5/97), 700 So.2d 503; State v. Sheppard, 94-694 (La.App. 5 Cir. 11/16/94), 646 So.2d 1130, 1133, writ granted, reversed on other grounds, 95-0370 (La.9/13/96), 679 So.2d 899 (per curiam)).[1]
In State v. Taylor, 802 So.2d at 780, 782-783, the defendant was convicted of aggravated rape and three counts of armed robbery and argued that the evidence was insufficient to support his convictions because he successfully proved he was too intoxicated to form the intent necessary to complete the offenses. This Court concluded that because aggravated rape and armed robbery were general intent crimes, defendant was not entitled to use voluntary intoxication as a defense; therefore, his intoxication or lack thereof did not enter into a review of the sufficiency of the evidence at trial. Id. at 783.
We recognize that a criminal defendant has a constitutional right to present a defense and due process affords him the right of full confrontation and cross-examination of the State's witnesses. State v. Hall, 02-1701 (La.App. 4 Cir. 6/25/03), 851 So.2d 330, 333, writ denied, 03-2305 (La.2/6/04), 865 So.2d 738 (citation omitted).
[D]efense should be allowed substantial freedom in cross-examining state witnesses. But the trial court may curtail such freedom when the questions asked are irrelevant or immaterial to the case. Questions are of material issue if they are of importance to the case. Questions are relevant if they tend to prove or negate the commission of the offense and the intent. Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion.
State v. Hall, supra (quoting State v. Short, 94-0233 (La.App. 4 Cir. 5/16/95), 655 So.2d 790, 792-793, writ denied, 95-1520 (La.11/17/95), 663 So.2d 719 (citations omitted)).
The right to present a defense does not mandate that the trial court permit the introduction of irrelevant evidence or evidence that has little probative value so that it is substantially outweighed by other legitimate considerations in the administration of justice. State v. Shaw, 00-1051 (La.App. 5 Cir. 2/14/01), 785 So.2d 34, 45, writ denied, 01-0969 (La.2/8/02), 807 So.2d 861 (citing State v. Ludwig, 423 So.2d 1073, 1079 (La.1982)). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." LSA-C.E. art. 401. The determination of the evidence's relevancy lies within the trial judge's discretion and this ruling will not be disturbed in the absence of an abuse of discretion. State v. Winfrey, 97-427 (La. App. 5 Cir. 10/28/97), 703 So.2d 63, 76, writ denied, 98-0264 (La.6/19/98), 719 So.2d 481 (citation omitted).
In this case, defendant argues that he should have been able to present an intoxication defense under subsection (2) of LSA-R.S. 14:15 because an attempt to commit an armed robbery is a specific *1184 intent crime. Attempted armed robbery is a responsive verdict to armed robbery. In addition, defendant argues that the intoxication defense was relevant to the defense of mistake of fact in proving that his condition made it more likely that he thought he was taking his own vehicle.[2] Defense counsel attempted to present testimony to show defendant believed the vehicle was his; however, the court sustained the State's objection and did not allow the witness to answer this question. However, on redirect examination, Mr. Knight testified that defendant never told him to get out of defendant's car or asked why he was sitting in defendant's car. Reverend Allen White was called as a defense witness and stated that he was familiar with the automobile owned by defendant. After Reverend White stated that he had brought the automobile to the courthouse, the court determined this was irrelevant and sustained the State's objection.
We find that the trial judge did not deny the defendant his right to present a defense. The intoxication defense is not a defense available to rebut the prosecution of armed robbery which is a general intent crime; therefore, such evidence was immaterial and the trial judge did not abuse his discretion in denying the admission of this evidence. Further, defendant claims he should have been able to present this defense because the responsive verdict of attempted armed robbery requires specific intent. As such, defendant is arguing he should have been able to present a defense to a crime he was not convicted of. Defendant's argument that the intoxication contributed to his mistaken belief that the vehicle was indeed his own likewise lacks merit and was negated by the evidence presented at trial.
In his second assignment of error defendant argues that, because of the circumstances of this case, his life sentence is excessive and unconstitutional. The State responds that the life sentence is not excessive based on the seriousness of the instant crime and the severity of the defendant's prior criminal record. The State further noted that defendant failed to present testimony or evidence at the sentencing hearing and offered no explanation in his brief regarding the alleged excessiveness of his sentence.
Although defendant objected to the habitual offender finding and sentence imposed, the record reflects that defendant did not file a motion to reconsider sentence. The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness. State v. Dupre, 03-256 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La.5/14/04), 872 So.2d 509 (citation omitted).
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992) (citation omitted). Trial judges have great discretion in imposing sentences and such sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Allen, 03-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 879 (citation omitted).
*1185 In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing the sentence. State v. Allen, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Tracy, 02-0227 (La. App. 5 Cir. 10/29/02), 831 So.2d 503, 516, writ denied, 02-2900 (La.4/4/03), 840 So.2d 1213 (citation omitted). The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Allen, supra at 879-880 (citation omitted).
Generally, maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Petty, 99-1307 (La.App. 5 Cir. 4/12/00), 759 So.2d 946, 950, writ denied, 00-1718 (La.3/16/01), 787 So.2d 301. However, the trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 933, writ denied, 04-1640 (La.11/19/04), 888 So.2d 192 (citations omitted).
Defendant was originally sentenced to ninety-nine years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. However, on February 26, 2003, the State filed a multiple offender bill of information, which provided that defendant was charged by bill of information on January 18, 2002 in case number 02-306 with armed robbery in violation of LSA-R.S. 14:64 and was convicted of the same on February 11, 2003. Further, it provided: (1) in case number 383,083 on January 6, 1997, defendant pled guilty to possession of a weapon while in possession of a controlled dangerous substance in violation of LSA-R.S. 14:95(E); (2) in case number 338-885 on January 30, 1990, defendant pled guilty to unauthorized use of a movable valued at over $1000 in violation of LSA-R.S. 14:68; (3) in case number 282-633 on June 5, 1981, defendant pled guilty to simple robbery in violation of LSA-R.S. 14:65.
Ultimately, defendant was found to be a fourth felony offender. After vacating defendant's originally imposed sentence, the trial court re-sentenced defendant to imprisonment for life without benefit of probation, parole or suspension of sentence.
According to LSA-R.S. 14:64(B), "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence."
According to LSA-R.S. 15:529.1(A)(1)(c),
If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or
(ii) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et *1186 seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
Thus, defendant's sentencing range was ninety-nine years to life imprisonment. Before imposing a life sentence, the trial judge stated that defendant's past had done him in. Further, the crime committed was a horrible crime where defendant put a gun in the young man's mouth, threatened to kill him and told him his kids did not love and need him.
This Court has recognized that armed robbery is a serious offense against the person. See, State v. Francois, 01-807 (La.App. 5 Cir. 4/10/02), 817 So.2d 213, 216. In this instant case, the record reflects that defendant pulled a fully-loaded gun on Mr. Knight, at times putting it in his mouth while threatening to kill him and, while armed, took his wallet and his car. Thus, defendant's actions created a risk of harm to Mr. Knight. Further, defendant's predicate convictions consisted of possession of a weapon while in possession of a controlled dangerous substance, unauthorized use of a movable valued at over $1000 and simple robbery. It appears that the defendant's criminal behavior has escalated. In addition to the underlying armed robbery conviction, defendant was convicted of simple robbery, another crime of violence. Also, another predicate conviction involved possession of a loaded shotgun while in possession of cocaine.[3]
The multiple offender law expresses clear legislative intent. Repeat offenders are to receive serious sentences. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 353 (citation omitted). The issue on appeal is whether the trial judge abused his discretion, and not whether another sentence might have been more appropriate. State v. Allen, supra. Considering the circumstances in this case, we find no abuse of the trial court's discretion in imposing sentence.
In his last allegation of error, defendant requests that we review his record for errors patent. We have reviewed the record, pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990), and find the following error.
Although the commitment reflects that defendant's enhanced sentence is to be served at hard labor, the transcript does not. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d at 734. Because the trial judge did not state that defendant's enhanced sentence was to be served at hard labor, his sentence is indeterminate in violation of LSA-C.Cr.P. art. 879. Accordingly, we remand this matter for the trial judge to clarify the sentence on resentencing. *1187 See State v. Glenn, 04-526 (La.App. 5 Cir. 3/1/05), 900 So.2d 26.
Also, defendant was advised of the prescriptive period after his original sentencing. Although the commitment reflects he was re-advised when sentenced as a multiple offender, the transcript does not. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). However, this error is moot in light of our decision remanding the matter for clarification of sentence, as the trial court must inform defendant of the time from which prescription for post-conviction relief runs at that time.
For the above discussed reasons, we remand this case to the trial court for resentencing consistent with this opinion. In other respects, defendant's conviction is affirmed.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
NOTES
[1] In State v. Sheppard, 646 So.2d at 1133, this Court recognized that armed robbery was a general intent crime and, therefore, the intoxication defense was not available in the relator's case.
[2] According to LSA-R.S. 14:16, "[u]nless there is a provision to the contrary in the definition of a crime, reasonable ignorance of fact or mistake of fact which precludes the presence of any mental element required in that crime is a defense to any prosecution for that crime." (emphasis added).
[3] It is further noted that according to the arrest registers in State's Exhibit 2 of the Multiple Bill Hearing, defendant was arrested on March 15, 1996 for armed robbery with a gun, aggravated burglary, illegal discharge of a firearm and convicted felon with a firearm. In addition, it appears that along with pleading guilty to unauthorized use of a movable, defendant also pled guilty to charges of battery of a police officer in violation of LSA-R.S. 14:34.2, theft of goods under $100 in violation of LSA-R.S. 14:67.10 and resisting an officer in violation of LSA-R.S. 14:108. Finally, it appears that defendant was arrested for battery in addition to simple robbery.