958 So.2d 24 (2007)
STATE of Louisiana
v.
Brian Ray BATISTE
No. 06-KA-869.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
*25 Anthony G. Falterman, District Attorney, Twenty-Third Judicial District, Parish of St. James, Donald D. Candell, Assistant District Attorney, Gonzales, Louisiana, for Plaintiff/Appellee.
Frank Sloan, Attorney at Law, Louisiana Appellate Project, Mandeville, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, Brian Ray Batiste, was convicted of manslaughter and sentenced to 40 years imprisonment at hard labor. He has now filed this appeal arguing the sentence imposed is excessive. For the reasons which follow, we affirm defendant's conviction and sentence.

STATEMENT OF THE CASE
A grand jury in St. James Parish returned an indictment against the defendant, Brian Ray Batiste, charging him with second degree murder in violation of LSA-R.S. 14:30.1. The defendant pled not guilty at arraignment. On February 14, 2006, the defendant proceeded to trial before a twelve-person jury. The following facts were adduced at trial.
On December 27, 2003, at approximately 8:12 p.m., Deputy Brett Forsyth of the St. James Parish Sheriff's Office responded to a call of a shooting at Collins Road and LA Highway 18 in Vacherie. Upon arrival, he found the victim, Ronald Edwards, Jr., lying in a fetal position on the ground. The victim was gasping for air and had a faint pulse. The victim was transported to the hospital, where he died from the massive bleeding caused by the gunshot wounds he had sustained.
At trial, Kenneth Ross testified to the events leading up to the shooting. Ross said that his cousin, Curl Fletcher, called him to come outside of his trailer to intercede in a brewing fight between the victim and the defendant. When he went out, Ross heard the defendant accuse the victim of taking his jacket. The defendant did not believe the victim's denial and said, "If you keep playing with me, I'll kill you." The victim replied, "Well, you got to do what you got to do." Thereafter, the defendant removed a gun from his jacket, turned the gun sideways, and shot the *26 victim. According to Ross, the defendant was three to four feet away from the victim when he fired the shots. The defendant entered his car, which had the engine running, and left the scene. Ross called the police to report the shooting.
The defendant was arrested later that night after he surrendered to the police. The police never found the gun used in the shooting and found no weapon on the victim's person or at the scene. A gunshot residue test on the defendant taken four hours after the shooting was negative. According to the State's expert in trace evidence investigation, it was not uncommon for the test results to have been negative, since four hours had elapsed after the shooting. It was determined that the victim had been shot with a 9 millimeter Lugar.
Following trial, the twelve person jury unanimously found defendant guilty of the responsive verdict of manslaughter. On July 10, 2006, the trial judge sentenced the defendant to 40 years imprisonment at hard labor. On July 18, 2006, the defendant filed a motion for post-verdict judgment of acquittal and a motion to reconsider sentence, which the trial judge denied. This timely appeal follows.

ASSIGNMENT OF ERROR NUMBER ONE
By assignment of error number one, defendant argues his sentence is excessive. The defendant contends that his 40-year sentence is excessive because neither the circumstances of the crime nor the defendant's background justifies a maximum sentence. The State responds that the record supports the sentence.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992).
In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing the sentence. State v. Allen, 03-1205 (La. App. 5 Cir. 2/23/04), 868 So.2d 877, 879.
In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Allen, 868 So.2d at 880. The trial judge is afforded wide discretion in determining a sentence, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed, even when the trial judge does not provide reasons for the sentence. State v. Uloho, 04-55 (La.App. 5 Cir. 5/26/04), 875 So.2d 918, 933, writ denied, 04-1640 (La.11/19/04), 888 So.2d 192.
The defendant was convicted of manslaughter, which is punishable by imprisonment at hard labor for not more than forty years. LSA-R.S. 14:31(B). The record contains the pre-sentence investigation report, which classified the defendant as a first-felony offender, but recommended a maximum 40-year sentence. The record reflects that the trial judge reviewed the pre-sentence investigation report, which contained statements from the defendant, and statements from the victim's family and friends.
*27 The report reflects that the defendant told the investigating Probation and Parole officer that he was in New Orleans at the time of the shooting. He said that his jacket containing $1,000 was stolen on December 25, 2003, while shooting pool and that he punched Jerome Gibson. The defendant said the victim's name never came up during this incident. The defendant claimed that the last time he saw the victim was later on December 25th, when the victim brought him the missing jacket. The victim told the defendant he had found it in an abandoned trailer. There was no money in the jacket when the victim returned it. The defendant surmised that Jerome Gibson killed the victim and that the witnesses lied for him.
Prior to imposing sentence, the trial judge provided extensive reasons for his decision. In particular, the trial judge noted that the pre-sentence investigation report stated that the defendant, who was 24 years-old at the time of sentencing, shot the victim without provocation during an argument over a jacket. The judge stated that the defendant could have prevented the killing by merely walking away from the verbal argument. The trial judge noted that the defendant knowingly created a risk of death or great bodily harm to more than one person, since several other people were present during the commission of the crime. The trial judge stated that the defendant did not have an extensive criminal record, but found that the circumstances justified the maximum sentence.
In support of his argument on this assignment, the defendant contends that a maximum sentence is not justified because he "exercised very poor impulse control in using [a handgun] to end a dispute." He also contends that the trial judge over-stated the facts when he said that the defendant created a risk of harm to more than one person. However, it does not appear that the trial judge overstated the facts. The defendant's actions endangered the lives of Kenneth Ross and Curl Fletcher, who were standing near the victim at the time of the shooting. Kenneth Ross testified that, "if the Lord wasn't with us that day, Brian Ray could have took my life and Curl [sic] life, too."
Moreover, even though the defendant was convicted of manslaughter, we find the evidence supported a verdict of second degree murder. The trial evidence reflects that the defendant was three to four feet when he pointed the gun and shot the victim four times. Two of the victim's wounds were in his chest and one of the wounds was in the lower abdomen. Deliberately pointing and firing a deadly weapon at close range are circumstances which will support a finding of specific intent to kill. See, State v. Higgins, 03-1980 (La.4/1/05), 898 So.2d 1219, 1227, cert. denied, ___ U.S. ___, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005).
Further, jurisprudence reflects that the maximum penalty for manslaughter has been imposed under similar circumstances. In State v. Jones, 05-735 (La.App. 5 Cir. 2/27/06), 924 So.2d 1113, the defendant was charged with second degree murder, convicted of manslaughter and was sentenced to the maximum term of 40 years. Id. at 1114. This Court held the sentence was not excessive where the defendant armed himself prior to the killing because of a previous confrontation with the victim, shot victim four times in the face, and fled the scene [and later left the state] after the shooting. Although the record did not reflect Jones' felony offender status, this Court found the sentence was not excessive, stating that the "jurisprudence supports imposing the maximum sentence for manslaughter, even for first felony offenders." Jones, 924 So.2d at 1119.
*28 The Louisiana Supreme Court has stated that the question on review is not whether another sentence would have been more appropriate, but whether the trial court abused its broad sentencing discretion. State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1133. While another judge might have weighed the circumstances in this case differently, the question on review is whether the trial judge abused his discretion in this case, not whether another sentence might have been more appropriate. See, State v. Jones, supra.
Considering that record shows that the defendant deliberately pointed a gun at the victim and shot him four times without provocation, we find the record supports the sentence imposed. As such, we find the trial judge did not abuse his broad sentencing discretion by imposing a grossly disproportionate term of imprisonment. We affirm defendant's sentence of 40 years imprisonment at hard labor.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
Accordingly, we affirm defendant's conviction and sentence of 40 years imprisonment at hard labor.
AFFIRMED.