MARC E. JOHNSON, Judge.
| ^Defendant, Nathan Pettus, appeals his life imprisonment sentence without the benefit of probation or suspension of sentence imposed as his habitual offender sentence from the 24th Judicial District Court, Division “L”. For the following reasons, we affirm the habitual offender adjudication and remand the matter to the trial court for clarification of the sentence.
The facts of this case are more fully set forth in this Court’s opinion in the companion case, also rendered on this date, State v. Pettus, 10-215 (La.App. 5 Cir. 5/24/11); 68 So.3d 21, where Defendant challenged the validity of his conviction.
In his sole assignment of error, Defendant alleges the trial court erred in imposing an excessive life sentence. Defendant contends that a life sentence is completely disproportionate for a theft conviction for items with a combined total of $807.00, even for a fourth felony offender, and should shock anyone’s sense of justice. While Defendant admits he has a prior criminal history, he further |scontends that a life sentence makes no measurable contribution to acceptable goals of punishment.
Defendant did not file a motion to reconsider sentence, nor did he state specific grounds upon which the motion would have been based. He is, therefore, limited to a bare review of the sentence for constitutional excessiveness. State v. Hills, 03-716, p. 12 (La.App. 5 Cir. 12/9/03); 866 So.2d 278, 286, writ denied, 04-1322 (La.4/22/05); 899 So.2d 569; State v. Fairley, 02-168 (La.App. 5 Cir. 6/26/02); 822 So.2d 812, 814.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Crawford, 05-494, p. 6 (La.App. 5 Cir. 1/31/06); 922 So.2d 666, 669. A sentence that is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering is unconstitutionally excessive, even if it is within the statutory limits. State v. Riche, 608 So.2d 639, 640 (La.App. 5th Cir.1992), writ denied, 613 So.2d 972 (La.1993). Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. State v. Woods, 09-399, p. 26 (La.App. 5 Cir. 3/9/10); 38 So.3d 391, 411, writ denied, 10-0784 (La.10/29/10); 48 So.3d 1096.
A trial court should consider the defendant’s personal history such as age, family ties, marital status, health, employment record, as well as his prior criminal record, seriousness of offense and the likelihood of rehabilitation in determining an appropriate sentence. Crawford, 922 So.2d at 669. A trial court is afforded great discretion in determining sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. Riche, 608 So.2d at 640.
|4In reviewing a sentence for ex-cessiveness, the reviewing court must con *31 sider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. Crawford, 922 So.2d at 669. The three factors that are considered in reviewing a trial court’s sentencing discretion are the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. Id. at 8; 922 So.2d at 670. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. at 8; 922 So.2d at 670-71. An “appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.” LSA-C.Cr.P. art. 881.4(D).
In the instant matter, Defendant was adjudicated a fourth felony offender. As a fourth felony offender, Defendant faced the following penalty as provided by LSA-R.S. 15:529.1(A)(4):
(c) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life. (Emphasis added).
Defendant was originally convicted of theft of goods over $800.00 but less than $500.00, which, at the time of conviction and sentencing, was punishable by a maximum of two years imprisonment. LSA-R.S. 14:67.10(B)(2).[1] However, based on the sentencing provisions in LSA-R.S. 15:529.1(A)(4), Defendant faced an enhanced sentencing exposure of 20 years imprisonment to life imprisonment.
| ¡¿Defendant was adjudicated a fourth felony offender based upon three prior convictions: (1) possession of cocaine in 24th Judicial District Court case number 98-9036; (2) obstruction of justice in 24th Judicial District Court case number 99-678; and (3) a conviction for bank robbery out of the United States District Court for the Southern District of Mississippi. In addition, Defendant pleaded guilty to possession of cocaine in St. Bernard Parish in 2000 and currently has pending charges in St. Tammany Parish and in the state of Georgia for bank robbery. Further, with respect to the obstruction of justice conviction, Defendant testified during the habitual offender hearing that the conviction stemmed from his arrest on a second degree murder charge.
In imposing the life imprisonment at hard labor sentence, the trial court considered the facts of the instant offense and Defendant’s lengthy criminal record. The trial court noted that Defendant told the victim, “Don’t make me get violent,” and that Defendant grabbed the victim and threw her to the ground. The trial court concluded that Defendant would continue to commit crimes during any period of not being incarcerated. The trial court further noted that Defendant had committed violent crimes in the past and indicated his opinion that any lesser sentence would deprecate the seriousness of the offense. Based on the record, and considering the facts of the instant offense combined with the defendant’s criminal history, we find that the sentence is not shocking or grossly disproportionate to Defendant’s behavior and is not constitutionally excessive.
*32 Accordingly, we do not find the trial court abused its discretion in sentencing Defendant to life imprisonment at hard as the habitual offender sentence.
| c,ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
There is an inconsistency between the transcript and the commitment. Although the commitment indicates Defendant was sentenced to life imprisonment at hard labor, in the transcript, the trial judge failed to state that the sentence was to be served at “hard labor.” If a discrepancy exists between the commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). LSA-C.Cr.P. art. 879 requires a court to impose a determinate sentence. If there were some discretion allowed by the applicable sentencing statute, the failure to indicate whether the sentence was to be served at “hard labor” would be an impermissible indeterminate sentence.
Previously, there was no explicit requirement that offenders sentenced under the provisions of the Habitual Offender Law be necessarily sentenced to a term of imprisonment at hard labor, even as a fourth felony offender. That is no longer the case; Acts 2010, No. 69, § 1 made the following change to LSA-R.S. 15:529.1(G):
Any sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence. (Emphasis added).
The change became effective June 10, 2010, which was months after the defendant was adjudicated and sentenced as a fourth felony offender.
In State v. Magee, 05-171 (La-App. 5 Cir. 10/6/05); 916 So.2d 1178, writs denied, 06-0461 (La.9/22/06); 937 So.2d 377, 06-0464 (La.9/22/06); 937 So.2d 377, the defendant was found to be a fourth felony offender. After vacating the defendant’s originally imposed sentence, the trial court re-sentenced the defendant to imprisonment for life without benefit of probation, parole or suspension of [ 7sentence. Id. at 1181. However, the trial court failed to indicate that the sentence was to be served at hard labor. Id. at 1186. We noted that the sentence was indeterminate and remanded the matter for the trial judge to clarify the sentence on resentencing.
Accordingly, we remand this matter to allow the trial court to clarify Defendant’s habitual offender sentence.
DECREE
For the foregoing reasons, the habitual offender adjudication is affirmed, and the matter is remanded to the trial court for a clarification of the sentence.
ADJUDICATION AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS

. LSA-R.S. 14:67.10(B)(2) was amended by La. Acts 585 § 1. The change became effective in June of 2010, after Defendant’s conviction and sentence.