FREDERICKA HOMBERG WICKER, Judge.
|2In this criminal proceeding, defendant appeals his sentence to life imprisonment and further assigns as error the trial court’s denial of his motion to quash the bill of information. We affirm defendant’s conviction but vacate his life sentence, finding it constitutionally excessive, and remand this matter to the trial court for resentencing.

STATEMENT OF THE CASE

On October 14, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant, Benjamin Bruce, with aggravated arson in violation of La. R.S. 14:51. Defendant pleaded not guilty at arraignment. On March 22, 2011, the matter proceeded to trial and a 12-person jury returned a verdict of guilty as charged of aggravated arson.
l-jOn April 4, 2011, the trial court sentenced defendant to fifteen years imprisonment at hard labor, the first two years to be served without benefit of parole, probation, or suspension of sentence. On that same date, the state filed a multiple offender bill of information alleging defendant to be a fourth felony offender. On June 2, 2011, the trial court found defendant to be a fourth felony offender, vacated his original sentence, and imposed an enhanced sentence of life imprisonment at hard labor. This timely appeal follows. FACTUAL BACKGROUND
Ms. Pinkey Miles resided in a trailer located at 623 Richard Avenue in River Ridge, Louisiana, with her sixty-five year-old mother, Barbara Brown, and her seventeen year-old son, Kendrick Miles. On the afternoon of August 26, 2010, Ms. Miles played a game of cards and had a few drinks with neighbors. Ms. Miles testified that her ex-boyfriend, defendant, later arrived to play and that she asked him to return ten dollars she had previously loaned him. When defendant refused to pay the ten dollars, Ms. Miles punched defendant in the face and left.[1] Ms. Miles *1032 eventually returned home and, sometime after midnight, Ms. Miles, her mother and her son fell asleep.
A few hours later, two unknown individuals broke down the gate outside of Ms. Miles’ trailer, pushed a window air conditioning unit through the window, and yelled into the trailer, “Ya’ll house is on fire. Ya’ll house is on fire.” Ms. Miles ran out of the trailer and extinguished the fire while her son, Kendrick, helped his grandmother, Ms. Brown, exit the trailer safely.
At trial, Ms. Danielle Lathers, a neighbor-witness, testified that she observed defendant and Ms. Miles in a heated dispute on the evening of August 26, 2010, ^regarding an unpaid debt and witnessed Ms. Miles strike defendant in the face. Ms. Lathers further testified that she and her boyfriend, while sitting on her porch at approximately 8:30 a.m., noticed defendant’s pick-up truck traveling down the road to Ms. Miles’ trailer. Ms. Lathers and her boyfriend walked to the corner and noticed defendant exit the truck with something in his hand. Ms. Lathers testified that defendant walked to Ms. Miles’ trailer and then walked back to his truck. A few minutes later, she noticed smoke coming from the trailer. Ms. Lathers did not contact police regarding the incident; she testified that defendant’s actions involving Ms. Miles’ trailer is not her “business.” Ms. Lathers further stated that she did not walk to Ms. Miles’ trailer that evening to inform her of the smoke but instead retired to her home for the evening.
Investigator Thomas Lowe of the Jefferson Parish Fire Department, an expert in the field of fire origin and cause, testified that he arrived at the scene and determined that the fire began in the garden area and was ignited with an accelerant, gasoline.[2] Mr. Lowe further testified that the fire spread in a V-pattern from the garden area, “up to the top of the trailer.”
Deputy Latasha Thomas of the Jefferson Parish Sheriffs Office also reported to the scene. Ms. Miles told Deputy Thomas that she suspected her ex-boyfriend (defendant) could be responsible for the fire. Detective Steven Abadie of the Jefferson Parish Sheriffs Office later arrived and learned from Ms. Miles of a potential neighbor-witness, Ms. Lathers. Detective Abadie met with Ms. Lathers, who identified defendant by photograph as the perpetrator. Detective Abadie took Ms. Lathers’ recorded statement. Having obtained defendant’s address from Ms. | sLathers, Detective Abadie proceeded to defendant’s residence and arrested him for the aggravated arson of Ms. Miles’ trailer.
Detective Abadie testified that he advised defendant of his rights and transported him to the police station, where defendant gave a recorded statement. In his statement, defendant told Detective Abadie that on the afternoon of August 26, 2010, Ms. Miles struck him in the face with a pair of brass knuckles over an unpaid debt of ten dollars. Defendant then admitted that in the early morning hours of August 27, 2010, he became intoxicated, *1033 poured gasoline on the flower bed in front of Ms. Miles’ trailer, and set it afire.

DISCUSSION

In his first assignment of error, defendant asserts that the trial court erred in denying his motion to quash the bill of information. On the second and final day of trial[3], defendant filed a motion to quash the bill of information contending that it failed to properly inform him of the charge against him as required under La. C. Cr. P. art. 464 and the Louisiana Constitution of 1974, art. I, § 13. Specifically, defendant claims the indictment at issue is defective because it fails to allege foreseeability of endangering human life and fails to state that arson occurred to a structure, watercraft, or moveable as provided in La. R.S. 14:51.
The purpose of a bill of information is to inform a defendant of the nature and cause of the accusation against him as required by the Louisiana Constitution, art. I, § 13. State v. Stevenson, 02-769 (La.App. 5 Cir. 1/28/03), 839 So.2d 340, 345, writ denied, 2003-0833 (La.10/31/03), 857 So.2d 472. The requirements of a bill of information are set forth in La. C. Cr. P. art. 464, which provides:
|fiThe indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
State v. Michels, 98-608 (La.App. 5 Cir. 1/13/99), 726 So.2d 449, 451.
In the present case, defendant’s charge is aggravated arson in violation of La. R.S. 14:51, which provides, “[ajggravated arson is the intentional damaging by any explosive substance or the setting of fire to any structure, watercraft, or moveable whereby it is foreseeable that human life might be endangered.” La. C. Cr. P. art. 465 authorizes the use of short-form indictments in charging certain offenses. State v. Page, 08-531, p. 16 (La.App. 5 Cir. 11/10/09), 28 So.3d 442, 453, writ denied, 2009-2684 (La.6/4/10), 38 So.3d 299. The Louisiana Supreme Court has consistently upheld the constitutionality of short-form indictments. Id. The crime of aggravated arson is chargeable by short form as follows:
A.B. committed aggravated arson of a dwelling (or structure, watercraft, or movable, as the case may be). If the words “belonging to another and with the damage amounting to_dollars” are added, simple arson will be included in the charge.
The Louisiana Supreme Court has specifically approved the use of this short-form indictment to a charge of aggravated arson. State v. Mason, 305 So.2d 523, 526 (La.1974).
In the present case, defendant does not claim that the alleged defective bill of information prejudiced his defense in any way.[4] Rather, his allegation is that the bill *1034 of information is technically insufficient. The amended bill of information against defendant provides:
| ./‘Benjamin H. Bruce ... on the 27th day of August [2010] ... in the Parish [of Jefferson] ... violated R.S. 14:51 in that he did commit aggravated arson of 623 Richard Avenue, River Ridge, LA 70128 belonging to another Barbara Brown, and with the amount of damage being over $500.”
We find the bill of information in this case complies with the short form authorized by La. C. Cr. P. art. 465(A)(2). Accordingly, this assignment of error is without merit.
In his second assignment of error, defendant claims that his life sentence— the statutory maximum — as a fourth felony offender is constitutionally excessive. Defendant did not file a motion to reconsider sentence, nor did he state specific grounds upon which the motion would have been based. Defendant is, therefore, limited to a bare review of his sentence for constitutional excessiveness. State v. Hills, 03-716, p. 12 (La.App. 5 Cir. 12/9/03), 866 So.2d 278, 286, writ denied, 2004-1322 (La.4/22/05), 899 So.2d 569; State v. Fairley, 02-168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, 814; and State v. Pettus, 10-777 (La.App. 5 Cir. 5/24/11), 68 So.3d 28, 30, writ denied, 2011-1326 (La.12/2/11), 76 So.3d 1176 reconsideration denied, 2011-1326 (La.4/13/12), 85 So.3d 1236.
The trial court adjudicated defendant a fourth felony offender. As a fourth felony offender, defendant faced the following penalty as provided by La. R.S. 15:529.1(A)[5]:
(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
|R(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.
State v. Pettus, 10-777 (La.App. 5 Cir. 5/24/11), 68 So.3d at 31.
Because the underlying conviction of aggravated arson is punishable by a term of imprisonment less than defendant’s natural life[6], defendant faced an enhanced sentencing exposure of 20 years to life imprisonment. Defendant claims that his life sentence is constitutionally excessive given the length of time between his prior convictions and the fact that his prior convictions all involve non-violent crimes; defendant further claims that imposition of *1035 maximum sentences should be reserved only for the worst offenders.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Horne, 11-204 (La.App. 5 Cir. 2/14/12), 88 So.3d 562, 569, writ denied, 2012-0556 (La.6/1/12), 90 So.3d 437 and State v. Wickem, 99-1261, p. 10 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, wrii denied, 2000-1371 (La.2/16/01), 785 So.2d 839. The trial judge is afforded broad discretion in sentencing and a reviewing court may not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C. Cr. P. art. 881.4(D); State v. Berry, 08-151, p. 17 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 131, writ denied, 2008-1660 (La.4/3/09), 6 So.3d 767; and State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. Whether the |flsentence imposed is too severe depends on the circumstances of the case and the background of the defendant. State v. Woods, 09-399, p. 26 (La.App. 5 Cir. 3/9/10), 38 So.3d 391, 411, writ denied, 2010-0784 (La.10/29/10), 48 So.3d 1096.
In reviewing a sentence for ex-cessiveness, an appellate court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992). On review, an appellate court does not determine whether another sentence might have been more appropriate, but whether the trial court abused its discretion. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d at 656, and State v. Horne, 11-204 (La.App. 5 Cir. 2/14/12), 88 So.3d at 569.
Defendant’s sentence is within the statutory limits provided by La. R.S. 15:529.1(A). However, the imposition of a sentence, although within the statutory limits, may still violate a defendant’s constitutional right against excessive punishment. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1, 4. In considering whether the trial court abused its discretion in sentencing a defendant, a reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes by other courts. State v. Horne, 11-204 (La.App. 5 Cir. 2/14/12), 88 So.3d at 569.
Concerning the first factor, the nature of the crime, this Court has found that if the trial judge who imposes the enhanced sentence in defendant’s multiple offender adjudication is the same judge who imposed defendant’s original sentence, that judge is deemed to be aware of the nature of the crime for the underlying offense. State v. Woods, 09-399, pp. 28-29 (La.App. 5 Cir. 3/9/10), 38 So.3d 391, 412. In this case, the record reflects the trial judge who presided over defendant’s conviction and sentencing for his underlying offense is the same judge | inwho presided over defendant’s adjudication and sentencing as a multiple offender. Accordingly, the trial judge is aware that defendant became intoxicated in the early morning hours of August 27, 2010, and — in an act of revenge — set fire to the flower bed abutting Ms. Miles’ trailer with the combustible accelerant, gasoline, while reasonably foreseeable that human life could be endangered.
Next, regarding the nature and background of the offender, defendant has prior convictions of theft in violation of La. *1036 R.S. 14:67 (1989), illegal possession of stolen things in violation of La. R.S. 14:69 (1989), theft of goods in violation of La. R.S. 14:67.10 (1995), and looting in the aftermath of Hurricane Katrina in violation of La. R.S. 14:62.5(B) (2006). Defendant’s prior convictions all relate to theft and are all non-violent crimes. The Louisiana Supreme Court has stated that “the classification of a defendant’s instant or prior offenses as non-violent should not be discounted” and that a court may consider the violent or non-violent nature of defendant’s prior crimes when reviewing a sentence for excessiveness. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676.
Finally, considering sentences imposed for similar crimes in this and other courts, the jurisprudence reveals that discretionary maximum life sentences imposed for a fourth felony offender are typically reserved for those defendants with a lengthy criminal history or a tendency to commit violent crimes. See State v. Pettus, 10-777, p. 5 (La.App. 5 Cir. 5/24/11), 68 So.3d 28, 31, uwrnit denied, 2011-1326 (La.12/2/11), 76 So.3d 1176 (wherein this Court affirmed the imposition of a life sentence to the defendant, a fourth felony offender, with an underlying conviction of theft of goods and three prior convictions of possession of cocaine, obstruction of justice, and a federal conviction of bank robbery. In affirming the defendant’s life sentence, this Court also considered that the defendant’s prior obstruction of justice conviction stemmed from his arrest on a |,, second degree murder charge and mentioned the defendant’s pending charges in St. Tammany Parish and in the state of Georgia for bank robbery at the time of the underlying conviction); State v. Jones, 09-788, p. 3 (La.App. 5 Cir. 4/13/10), 35 So.3d 1162, 1164, reh’g denied, writ denied sub non., State ex rel. Jones v. State, 2010-1448 (La.9/2/11), 68 So.3d 534 (wherein this Court affirmed the imposition of a life sentence to the defendant, a fourth felony offender, with an underlying conviction of illegal possession of stolen things (a vehicle) and prior convictions of manslaughter, theft, and attempted possession of a firearm by a convicted felon based on a prior attempted burglary conviction); and State v. Thompson, 544 So.2d 421, 426 (La.App. 3 Cir.1989), writ denied, 550 So.2d 626 (La.1989) (wherein the appellate court affirmed the imposition of a life sentence to the defendant, a fourth felony offender, with an underlying conviction of six counts of forgery in violation of La. R.S. 14:72 and prior convictions consisting of burglary, aggravated robbery, defrauding by worthless checks, burglary of an inhabited dwelling, burglary of a building, and two convictions of passing a forged instrument. The court described the defendant as a “career criminal,” incarcerated most of his life with seventeen felony convictions).
Defendant’s prior crimes are all non-violent, theft-related crimes and are spread out over time (1989, 1995, and 2006). The evidence introduced at trial in connection with the underlying offense, aggravated arson, demonstrates that defendant set fire to a flower bed abutting Ms. Miles’ trailer in the middle of the night while three people slept inside. The evidence further shows that defendant was intoxicated at the time of the offense and acting in a state of revenge over a, previous argument with the victim, Ms. Miles. Although Ms. Miles testified that the trailer sustained property damage in the amount of $600.00, the evidence also | iashows that the fire was extinguished quickly without loss of life or injury to the occupants of the trailer.
Although the underlying offense, aggravated arson, is a violent crime described by the trial judge as a “very serious *1037 crime,” and defendant did in fact place three people in danger of great bodily harm or death, this case does not rise to the level of those in which a discretionary life sentence of a fourth felony offender has been affirmed. State v. Pettus, 10-777, p. 5 (La.App. 5 Cir. 5/24/11), 68 So.3d 28, 31, writ denied, 2011-1326 (La.12/2/11), 76 So.3d 1176; State v. Jones, 09-788, p. 3 (La.App. 5 Cir. 4/13/10), 35 So.3d 1162, 1164, reh’g denied, writ denied sub nom., State ex rel. Jones v. State, 2010-1448 (La.9/2/11), 68 So.3d 534; and State v. Thompson, 544 So.2d 421, 426 (La.App. 3 Cir.1989), writ denied, 550 So.2d 626 (La.1989).
Furthermore, this particular life sentence imposes an undue burden on the taxpayers of the state, who must feed, house, and clothe this defendant for life. As this fifty year-old defendant ages, these costs will only increase due to the need for geriatric health treatments. See State v. Hayes, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301, 303, writ denied, 1999-2136 (La.6/16/00), 764 So.2d 955 and State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, 1020, writ denied, 98-3054 (La.4/1/99), 741 So.2d 1282. Defendant in this case obviously needs lengthy incarceration. However, twenty years imprisonment is the minimum sentence permitted under La. R.S. 15:529.1. Further, as a fourth felony offender sentenced under La. R.S. 15:529.1, defendant will serve the entirety of any sentence imposed without the possibility of parole or diminution of sentence for good behavior. See La. R.S. 15:571.3(0 and La. R.S. 15:574.4(A). Therefore, we find that a lengthy sentence less than life imprisonment would meet all of the | lssocietal goals of incarceration for this defendant without imposing an undue financial burden on the state.
Under the specific facts of the record before us and considering the background of this defendant, we find defendant’s life sentence to be constitutionally excessive.

ERRORS PATENT

Defendant requests an errors patent review. This Court routinely reviews the record before us for errors patent in accordance with La. C. Cr. P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975), regardless of whether the defendant makes such a request.
The record indicates that defendant’s original sentence on his underlying aggravated arson conviction was illegally lenient because the trial court did not impose the mandatory fine as provided in La. R.S. 14:51. However, corrective action is not required because any defect in the original sentence became moot after the original sentence was vacated prior to defendant’s sentencing as a fourth felony offender. See State v. Jones, 10-281, p. 7 (La.App. 5 Cir. 10/26/10), 51 So.3d 792, 797.
The record also reflects that defendant’s enhanced sentence was illegally lenient as the trial court did not order his sentence to be served without benefit of probation or suspension of sentence in accordance with La. R.S. 15:529.1(G). However, this error does not require corrective action because under La. R.S. 15:301.1, the “without benefits” provision is self-activating. State v. McKenzie, 09-893, p. 13 (La.App. 5 Cir. 2/15/11), 61 So.3d 54, 61.
Last, a review of the record reveals that defendant was not advised of his multiple offender rights. La. R.S. 15:529.1(D)(l)(a) provides that the trial court shall inform a defendant of the allegations contained in the bill of information and 114of his right to be tried as to the truth thereof, and shall require the offender to say whether the allegations are true. State v. Reichard, 04-110, p. 10 (La.App. 5 Cir. 7/27/04), 880 So.2d 97, 103. Also, La. R.S. 15:529.1 implicitly requires that the trial court ad *1038 vise the defendant of his right to remain silent. Id.
Generally, the failure of the trial court to advise a defendant of his right to a hearing and his right to remain silent does not constitute reversible error where the defendant’s multiple offender status is established by competent evidence offered by the State at hearing rather than by admission of the defendant. State v. Reichard, 04-110, p. 10 (La.App. 5 Cir. 7/27/04), 880 So.2d 97, 103. In the present case, the state introduced evidence at the hearing to establish defendant’s multiple offender status. The state introduced certified conviction packets of defendant’s prior convictions and the testimony of a fingerprint expert to prove that the fingerprints in the packets matched the fingerprints taken from defendant. In this case, the trial court’s failure to advise defendant of his multiple offender rights does not constitute reversible error.
Accordingly, we affirm defendant’s conviction, vacate his life sentence — finding it constitutionally excessive — and remand this matter to the trial court for resentenc-ing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING

. Defendant, in his statement to investigating authorities, stated that Ms. Miles used "brass *1032 knuckles” when she hit him. One neighbor, Ms. Jatawn Kinzey, further testified that Ms. Miles showed up with two teenage boys "punching their hands” in front of defendant. However, Ms. Miles and another neighbor-witness, Ms. Lathers, testified that Ms. Miles had rings on her fingers but did not use any weapons when she struck defendant.

. Detective Lowe obtained a soil sample from the garden area, which lab tests revealed contained gasoline. The parties further stipulated to the testimony of Thomas Angelico, an expert in the field of fire debris, who examined the soil sample and confirmed the presence of gasoline.

. The state argues that because defendant filed his motion to quash after the commencement of trial, his motion is untimely under La. C. Cr. P. art. 535(A)(2). However, the Louisiana Supreme Court has held that a motion to quash the bill of information may be urged at trial prior to verdict. Further, a defendant’s objection at trial to an indictment preserves the issue for appellate review. See State v. James, 305 So.2d 514 (La.1974) and State v. Pichler, 355 So.2d 1302, 1304 (La.1978).

. Although defendant does not claim prejudice in this case from the alleged defective *1034 indictment, we note that the record indicates the state provided open file discovery to defendant. The Louisiana Supreme Court has found the granting of open file discovery to the defense to be "significant in resolving whether or not defendant was prejudiced in preparation of his defense by an insufficient recitation of the essential facts constituting the offense charged.” State v. Pichler, 355 So.2d 1302, 1304 (La.1978).

. The Louisiana Supreme Court has held a defendant should be sentenced pursuant to the version of La. R.S. 15:529.1 in effect at the time of the commission of the charged offense. State v. Parker, 2003-0924 (La.4/14/04), 871 So.2d 317, 326.

. At the time of the offense, La. R.S. 14:51 provided, "[w]hoever commits the crime of aggravated arson shall be imprisoned at hard labor for not less than six nor more than twenty years, and shall be fined not more than twenty-five thousand dollars. Two years of such imprisonment at hard labor shall be without benefit of parole, probation, or suspension of sentence."